UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) <br> ) <br> v.         ) <br> ) <br> SHAKEEM JOHNSON ) | Criminal Case No. 1:25-cr-10242-1 |

**SENTENCING MEMORANDUM FILED BY DEFENDANT
SHAKEEM JOHNSON**

On October 14, 2025, Defendant Shakeem Johnson came before this Honorable Court and pled guilty to one count each of:

1. Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § §841(b)(l)(B)(iii); and,

2. Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § §841(b)(l)(C).[1]

Mr. Johnson tendered this guilty plea approximately 3.5 months after his June 23, 2025 Initial Appearance, and his prompt acceptance of responsibility should be crucial to this Court's sentencing decision because it underscores Mr. Johnson's commitment to taking responsibility for his actions and committing himself to meaningful rehabilitation.

Consequently, Mr. Johnson respectfully moves this Court to accept and impose the sentence agreed to by the United States and Mr. Johnson pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which consists of five (5) years imprisonment to be followed by four (4) years of supervised release. This sentence falls squarely within the applicable Sentencing Guidelines of 51 to 63 months as modified by

---

[1] See Presentence Investigation Report ("PSR"), at pp. 1-2 and ¶4.

the mandatory minimum of five years for Count One[2], and it is "sufficient, but not greater than necessary, to comply with the purposes of sentencing".  See 18 U.S.C. §3553(a).

I.   **Request for Judicial Recommendation of Placement within a Facility that offers Meaningful Rehabilitative Programming**

As this Court knows, the general objectives of sentencing envision "the need for the sentence imposed-

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]"

See 18 U.S.C. 3553(a)(2).

The agreed-upon sentence of five years' imprisonment followed by four years of supervised release clearly is consistent with sentencing factors (A), (B), and (C). More specifically, Mr. Johnson is going to serve a five-year prison term that (a) reflects Congress' and the Sentencing Commission's assessment of the appropriate sanction, (b) will deter Mr. Johnson and others from future criminal conduct, and (c) will shield the public from Mr. Johnson while he serves his incarcerated sentence. But, the fourth enunciated sentencing factor (i.e., "to provide the defendant with needed educational or

---

[2] See PSR, at ¶98.

vocational training") is equally imperative to the overall sentencing goal of helping Mr. Johnson became a law-abiding and productive member of the community.

The instant offense conduct occurred over an approximate two-month period in March and April 2025, when Mr. Johnson was 34 years old.[3] Mr. Johnson had been released from a 12 to 14 year Massachusetts state prison sentence for manslaughter and firearms offenses in January 2025.[4] As established by this chronology, Mr. Johnson has spent virtually his entire adult life in prison, and he reoffended within months after leaving his long state prison sentence.

While the offense conduct that now brings Mr. Johnson before this Court undeniably was illegal, it also is of an undeniably different nature than his earlier convictions for manslaughter and firearms offenses. More specifically, the instant conduct was not violent, and it was motivated by Mr. Johnson's need to support himself in the absence of any employment history or meaningful vocational skills.[5] There is no evidence that Mr. Johnson's instant offense conduct was gang-related or gang-motivated. To the contrary, the attached letter from social worker Alexis Rowling[6], with whom Mr. Johnson has a supportive personal relationship, reveals that Mr. Johnson is now a fundamentally good person with goals and aspirations to better himself and build a life filled with peace, stability, and productivity. See Exhibit No. 1.

These circumstances do not excuse Mr. Johnson's instant conduct, but they do provide valuable context for both this Court and the Bureau of Prisons to consider with

---

[3] See PSR, at p. 2 and ¶¶14-18.
[4] See PSR, ¶¶12-13.
[5] See PSR, at ¶¶92-93.
[6] See PSR, at ¶76.

regard to the statutory and societal goal of rehabilitating Mr. Johnson. As noted in the PSR, Mr. Johnson appears to be "an appropriate candidate for RDAP"[7], and Mr. Johnson respectfully requests this Court to make a sentencing recommendation that he go to a facility that offers the RDAP program. Mr. Johnson further requests this Court to recommend his placement in a Bureau of Prisons facility that will provide him with meaningful access to vocational training and related rehabilitative activities.

## II.     Conclusion

Mr. Johnson is a man who is approaching middle age and is being sentenced for a non-violent offense that occurred within the context of his release from a lengthy state prison sentence with no vocational skills. He pled guilty almost immediately, and he is committed to obtaining the training and skills that will be necessary for him to become a law-abiding and productive citizen. Consequently, he respectfully requests this Honorable Court to accept and impose the sentence he and the United States agreed upon pursuant to Fed.R.Crim.P. 11(c)(1)(C), and he further requests this Court to recommend placement within a Bureau of Prisons facility that will provide necessary RDAP treatment and meaningful vocational training.

**\*\*\*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK\*\*\***

---

[7] See PSR, at ¶91.

Respectfully submitted,<br>
**SHAKEEM JOHNSON**<br>
By his attorney,<br>
<br>
/s/ John S. Day<br>
<br>
_____<br>
John S. Day (BBO #639249)<br>
Day Law Firm, P.C.<br>
99 Derby Street, Suite 200<br>
Hingham, MA 02043<br>
781-789-3001 (telephone)<br>
781-226-3003 (facsimile)<br>
jday@daylaw.com (e-mail)

Date:   January 16, 2026

## CERTIFICATE OF SERVICE

I, John S. Day, hereby certify that, on January 16, 2026, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by electronic mail upon U.S. Probation Officer Allan Tulli and Assistant United States Attorneys Philip C. Cheng and John T. Dawley, Jr.

/s/ John S. Day

_____
John S. Day, Esquire